# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32430**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon M. ZEGARRUNDO**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 31 January 2018

————————————

*Military Judge:* J. Wesley Moore.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 3 June 2016 by SpCM convened at Moody Air Force Base, Georgia.

*For Appellant:* Major Allen S. Abrams, USAF; Major Megan E. Hoffman-Logsdon, USAF; Captain Patrick A. Clary, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Captain Michael T. Bunnell, USAF.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Judge HUYGEN delivered the opinion of the court, in which Senior Judge HARDING and Judge SPERANZA joined.

————————————

**PUBLISHED OPINION OF THE COURT**

————————————

HUYGEN, Judge:

Appellant pleaded guilty at a special court-martial to one specification each of attempt to wrongfully possess lysergic acid diethylamide (LSD) with

the intent to distribute; conspiracy to distribute 3,4-methylenedioxymethamphetamine (MDMA) and cocaine; wrongful possession of cocaine and 3,4-methylenedioxy-N-ethylcathinone; wrongful use of cocaine; attempted wrongful use of LSD; and wrongful use of marijuana, in violation of Articles 80, 81, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 912a. A panel of officers sentenced Appellant to a bad-conduct discharge, confinement for 30 days, reduction to the grade of E-1, and forfeiture of $1,044.00 pay per month for one month. The convening authority approved the adjudged sentence except for the forfeiture of pay.

Appellant submitted his case on its merits with no specific assignment of error. The court specified the following issue: whether Appellant is entitled to new post-trial processing consistent with the decision of the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem), because the addendum to the staff judge advocate's recommendation (SJAR) failed to correct an error in Appellant's clemency submission. We find Appellant is so entitled and thus order new post-trial processing.

## I. BACKGROUND

In January 2015, Appellant smoked marijuana. In February 2015, he bought what he thought was LSD and offered it to an Airman. Appellant also asked another Airman about obtaining illegal drugs and then agreed to obtain MDMA and cocaine for two other people. In March 2015, Appellant ingested what he believed to be LSD and, on a separate occasion, snorted and smoked cocaine. Appellant was tried, convicted, and sentenced in June 2016.

The SJAR correctly advised the special court-martial convening authority (SPCMCA) that the SPCMCA could not affect the adjudged bad-conduct discharge and that the SPCMCA could "disapprove, commute or suspend in whole or in part the reduction in rank and forfeiture of pay and confinement." The SJA recommended approving the adjudged sentence.

Appellant's clemency submission alleged error regarding the report of result of trial attached to the SJAR and a decision by the military judge to exclude testimony concerning the conditions of post-trial confinement. When discussing the latter, Appellant's trial defense counsel wrote,

> Due to changes in the law you no longer have the ability to disapprove confinement (which has been served anyway), but you do still have the power to disapprove the reduction in rank and the forfeitures imposed by the panel. Doing this will recognize that AB Zegarrundo was confined in conditions not authorized

> by the Air Force, and also give him a better financial footing as he transitions to civilian life . . . .

The addendum to the SJAR addressed the two allegations of error; corrected the report of result of trial; and recommended granting clemency by disapproving the adjudged forfeiture of pay. The addendum neither mentioned the clemency submission's incorrect assertion that the SPCMCA could not disapprove the adjudged confinement nor repeated the SJAR's correct statement that the SPCMCA could disapprove, commute, or suspend the confinement.

After Appellant waived his right to submit additional matters for the SPCMCA's consideration, the SJA completed an additional addendum, which repeated the addendum's recommendation that the SPCMCA approve only the bad-conduct discharge, confinement for 30 days, and reduction to E-1. The SPCMCA approved the sentence as recommended in both addenda.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437 (alteration in original).

We find plain error in the failure of the addendum to the SJAR to correct the clemency submission's erroneous statement that "Due to changes in the law you no longer have the ability to disapprove confinement." Contrary to trial defense counsel's assertion, the change in the law, specifically, Article 60, UCMJ, 10 U.S.C. § 860, limits a convening authority's ability to affect confinement of *more than six months*. Appellant's adjudged sentence included confinement for 30 days. The SJAR correctly informed the SPCMCA that he could "disapprove, commute or suspend in whole or in part" the adjudged 30-day confinement. Trial defense counsel followed with an incorrect statement of the law—that the SPCMCA could not disapprove the confinement—and

requested instead that the SPCMCA disapprove the reduction to E-1 and forfeiture of pay. In accordance with the CAAF's disposition in *Addison*, the SJA was then obligated to correct the Defense's error in the addendum; the SJA did not do so. *See Addison*, 75 M.J. at 405. The SJA also did not give the Defense the opportunity to correct the error. *See, e.g.*, *United States v. Olson*, No. ACM 39093, 2017 CCA LEXIS 791, at *11 (A.F. Ct. Crim. App. 22 Dec. 2017) (unpub. op.) ("the SJA rendered the courtesy of permitting the Defense to correct its own error"); *United States v. Harrington*, No. ACM 39112, 2017 CCA LEXIS 748, at *10 (A.F. Ct. Crim. App. 6 Dec. 2017) (unpub. op.) ("trial defense counsel was alerted to the misstatement and submitted a corrected memorandum").

As we noted in *United States v. Moore*, No. ACM S32423, 2017 CCA LEXIS 763, at *11 (A.F. Ct. Crim. App. 19 Dec. 2017) (unpub. op.), an addendum's correction of an error in the clemency submission would likely constitute a new matter and prompt notice and opportunity for the Defense to respond. R.C.M. 1106(f)(7). The problem is avoided altogether when trial defense counsel does not make an incorrect statement of the law concerning the convening authority's clemency options. A correct statement of the law in a clemency submission also evidences trial defense counsel's understanding of Article 60, UCMJ, and thus competency to advise clients during post-trial processing.

The combination of trial defense counsel's erroneous statement that the SPCMCA could not disapprove confinement; the corresponding clemency request for disapproval of the reduction in rank and forfeiture of pay instead of confinement; and the SJA's failure to correct the Defense's erroneous statement resulted in plain error and constitutes a colorable showing of possible prejudice to Appellant in light of *Addison*.

### III. Conclusion

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court